UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CASE NO. 3:19-cr-00026-RLY-MPB ) |
| ANDREA JOHNSON, | ) ) ) |
| Defendant | ) |

**SENTENCING MEMORANDUM**

COMES NOW, the Defendant Andrea Johnson, ("Mr. Johnson"), by appointed CJA counsel Mark A. Foster and submits her Sentencing Memorandum to the Court.

**A. Introduction**

Ms. Johnson is a thirty (30) year old man who was born in, and spent most of this life in Evansville, Indiana. He has substantial contacts with Evansville, as his mother, Sabrina Johnson and grandmother, Wilma Johnson, still reside here. Mr. Johnson has never met his biological father and was reared by his mother and grandmother. Mr. Johnson has one (1) child, Mazzai' Lynn Johnson, age five (5) with whom he has frequent contact.

**Legal Standards**

The Court must consider the factors in 18 U.S.C. § 3553(a). Under § 3553(a) the Court shall impose a sentence that is sufficient, *but not greater than necessary*, to satisfy the purposes of sentencing, and the Court shall consider:

(1)   the nature and circumstance of the offense and the history and characteristics of the defendant;

(2) the need for the sentence:

- (a) to reflect the seriousness of the offense, promote respect for the law, and promote just punishment;
- (b) to afford adequate deterrence;
- (c) to protect the public from further crimes by this defendant;
- (d) to provide needed education or vocational training, medical care or treatment effectively;

(3) the kinds of sentences available;

(4) the advisory guidelines range and pertinent policy statements;

(5) the need to avoid unwarranted sentencing disparities; and

(6) the need to provide restitution to any victim

Although the guidelines are treated as advisory after Booker, the application of § 3553(a) is mandatory. *United States v. Miranda* 505 F.3d 785(7th Cir. 2007) *United States v. Booker,* 543 U.S. 220, 261-63, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); *United States v. Dean,* 414 F.3d 725, 779, (7th Cir. 2005).

## B. The Guidelines Calculation

The Probation Department calculates the total offense level of thirteen (13) for Mr. Johnson. Mr. Johnson has a total criminal history score of twenty-two (22) and is in category VI. The United States sentencing guidelines indicate an appropriate sentence for level thirteen (13) category VI, is thirty-three (33) to forty-one (41) months. This calculation considers the fact that the firearm was stolen, and two (2) points are added under U.S.S.G §2K2.1(b)(4)(A).

## Facts Pertinent to Sentencing

Mr. Johnson is thirty (30) years of age. *Presentence Investigation Report* ("PSR") ¶44. Mr.

Johnson never knew his father and was raised by this mother and grandmother. PSR ¶ 57. Mr. Johnson has a substantial history of substance abuse, beginning at the age of fifteen (15) and continuing to the date of his arrest. ¶ 60. Mr. Johnson has never had any substance abuse treatment. ¶ 70.

**The § 3553(a) Factors**

The Court shall consider the nature and circumstances of the offense and the history and characteristics of the Defendant. Although this offense is a very serious offense and Mr. Johnson possessed a firearm after being convicted of a felony. Mr. Johnson was charged and convicted of Operating a Vehicle as a Habitual Traffic Offender in State Court in cause number 82C01-1904-F5-2928. The facts of both this case and 82C1-1904-F5-2928 derive from the same set of facts. Mr. Johnson was sentenced to three (3) years at the Indiana Department of Corrections in 82C01-1904-F5-2928. PSR ¶ 48. Mr. Johnson was charged with Possession of a Handgun by a Convicted Felon in State Court on April 26, 2019, and was held on that charged until October 19, 2019, when that Count was dismissed. A sentence within the guideline range for count one (1) and the state charges would adequately reflect the seriousness of the offense and to promote respect for the law and provide just punishment for the offense. The Defendant has obtained his GED PSR ¶72. Mr. Johnson is desirous of continuing his education, while at the Bureau of Prisons and obtaining help for his substance abuse issue.

**Credit for the Sentence being Served in 82C01-1904-F5-2928**

While it is normally left up to the Bureau of Prisons (BOP) to calculate credit time, there are certain circumstances that the Court knows that the BOP will not grant an inmate credit time for time served in custody for another case.

- 18 USCS §3585 states that.

> *(a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.*
>
> *(b) Credit for prior custody. A Defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-*
>
>> *(1) as a result of the offense for which the sentence was imposed; or*
>>
>> *(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.*

It is clear that the BOP will not give Mr. Johnson credit for the State sentence pursuant to 18 USC §3585. The facts in this case are similar to the facts in *Sanders v U.S. 2018 U.S. District Lexis 125657 2018 ED USC*. In <u>Sanders</u>, the issue was how a Court can rectify the BOP not giving credit for a State Court sentence that was being served in addition to the Federal Sentence. In <u>Sanders</u>, the State Court sentence was for a Petition to Revoke a prior sentence. The Court in <u>Sanders</u> held that a sentencing court could consider the fact that the BOP would not give an inmate credit time under 18 USCS §3585(b) in determining an appropriate downward departure to effectively grant him the credit. *Sanders at 12*.

The charges in 82C01-1904-F5-2928 and 3:19-cr-000026-RLY-MPB arise out of the same set of facts on the same date. Mr. Johnson was driving after being declared an Habitual Traffic Violator and at that time he had a firearm in the vehicle. These cases were originally charged together in 82C01-1904-F5-2928. The firearm charge was dismissed on October 19, 2019. The

indictment was filed in this Court in 3:19-cr-000026-RLY-MPB on June 26, 2019. If these two counts were resolved in State Court alone, Mr. Johnson would be entitled to a concurrent sentence pursuant to I.C. 35-50-1-2(b). Mr. Johnson has been in custody since April 26, 2019 thus, if the Court imposes a sentence of thirty-three (33) months and gives Mr. Johnson credit for the time he has spent in custody thereby imposing a concurrent sentence, the downward departure would be twenty-eight and ½ (28.5) months. Therefore, a sentence of thirty-three (33) months would be granted a downward departure of twenty-eight and ½ (28.5) months for a sentence of four ½ (4.5) months.

If the Court finds that Mr. Johnson is not eligible for the credit time he served at the Indiana Department of Corrections after the firearm count was dismissed in State Court and the time he was transferred to federal custody, he would still be entitled to the credit time for which he was held on the firearm charge in the State Court and the time he was being held in federal custody. Mr. Johnson was held in State custody charged with the very offense for which he is being sentenced on in this case, Possession of a Firearm by a Convicted Felon which occurred on April 26, 2019. He was held in State custody on the firearm charge from April 26, 2019 to October 9, 2019. In addition, he has been held in federal custody since June 5, 2020.

Mr. Johnson was held in State Court for one hundred sixteen (116) days (April 26, 2019 to October 9, 2019) and in federal custody for Four Hundred Forty-Five (445) days (June 5, 2020 to September 8, 2021) for a total of six hundred eleven (611) days or 20.3 months. If the Court determines a sentence of thirty-three (33) months or nine hundred ninety (990) days is appropriate, he would be granted a downward departure of 18.7 months. The resulting sentence would be three hundred seventy-nine (379) days or one (1) year and fourteen (14) days.

**Conclusion**

Mr. Johnson respectfully requests this Court to impose a sentence of four and one half (4 ½) months, consecutive to his sentence in 82C01-1904-F5-2928. Such sentence would reflect the seriousness of Mr. Johnson's actions, while also promoting respect for the law and provide just punishment and any necessary deterrent affects. Furthermore, such a sentence is authorized by the decision in *Sanders vs U.S*.

Respectfully submitted,

**FOSTER, O'DANIEL, HAMBIDGE & LYNCH, LLP**

/s/ Mark A. Foster
Mark A. Foster
3820 Oak Hill Road
Evansville, IN 47711
mfoster@fohlaw.com
Attorney for Defendant, Andrea Johnson

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following by electronic mail via the ECF filing system this 9th day of August, 2021.

Lauren M Wheatley
UNITED STATES ATTORNEY'S OFFICE
lwheatley@usdoj.gov

All Counsel of Record            /s/ Mark A Foster
                                 Mark A. Foster